UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SPEARS, et al., | No. 2:15-cv-0165 AC P |
| Plaintiffs, | |
| v. | ORDER |
| EL DORADO COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Four plaintiffs seek to pursue this matter as a pro se civil rights class action pursuant to 42 U.S.C. § 1983, challenging conditions of confinement at the El Dorado County Correctional Facility. It appears that all plaintiffs are currently incarcerated, either in the Placerville Jail or in Deuel Vocational Institution.

To the extent that plaintiffs seek to represent one another and additional inmates, their pleading is defective. Pro se plaintiffs may only represent themselves. "Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted); see also McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (same).

Moreover, "[i]it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Oxendine v. Williams, 509 F.2d 1405,

1

1407 (4th Cir. 1975) (citation omitted).  The "representative parties" in a class action must "fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), and themselves be represented by counsel, see Darden v. Indymac Bancorp, Inc., 2009 WL 5206637, *2 (E.D. Cal. 2009) (citing cases).

Plaintiffs jointly request the appointment of legal counsel.  See ECF No. 2.  They assert that they are unable to afford counsel although they have made repeated efforts to obtain legal representation; that they are untrained in the law and have limited access to the law library; that the issues in this action are complex; that a trial would involve conflicting testimony and appointed counsel would be better able to present evidence and cross examine witnesses; and that plaintiff's legal mail is "hit and miss."  Id. at 2.  Plaintiffs specifically request that the court appoint attorney Stewart Katz as their legal representative.

District courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Although the court is unable, at this juncture, to assess whether the claims presented in this action are likely to succeed on the merits, the reasons offered by plaintiffs in support of their request for appointment of counsel are circumstances common to most prisoners.  Plaintiff's reasons for seeking appointment of legal counsel are indistinguishable from those asserted by other prisoners.  Therefore, the court finds that plaintiffs have failed to meet their burden of

1 demonstrating exceptional circumstances warranting the appointment of counsel at this time.
2 Plaintiffs' joint request will be denied without prejudice.

3     For these several reasons, this matter will be construed not as a class action, but as
4 individual civil suits brought by the individual plaintiffs. Each plaintiff will be required to
5 proceed separately on his own claims. Courts have broad discretion regarding severance. See
6 Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991). The Federal Rules of Civil
7 Procedure provide that "the court may at any time, on just terms, add or drop a party. The court
8 may also sever any claim against a party." Fed. R. Civ. P. 21.

9     The court will order that plaintiffs' claims be severed. The first-named plaintiff, Brian
10 Spears, will proceed in the instant action, while plaintiffs Benton, Anderson and Suddeth will
11 proceed in three separate civil actions to be opened by the Clerk of Court. Each plaintiff will
12 proceed with his own action and will be solely responsible for his own action. The Clerk of Court
13 will be directed to assign the new actions to the undersigned Magistrate Judge and to make
14 appropriate adjustment in the court's assignment of civil cases to compensate for this
15 reassignment.

16     Three of the plaintiffs have filed requests for leave to proceed in forma pauperis.
17 However, since the claims will be severed, each plaintiff will be accorded thirty days to file, in
18 his own action (including plaintiff Spears, in the instant action), an amended complaint that is
19 specific to each plaintiff, and a new application for leave to proceed in forma pauperis.

20     In accordance with the above, IT IS HEREBY ORDERED that:

21     1. The motions to proceed in forma pauperis filed January 20, 2015, ECF Nos. 3-5, are
22 denied without prejudice.

23     2. The motion for appointment of counsel, ECF No. 2, is denied without prejudice.

24     3. The claims of plaintiffs Benton, Anderson and Suddeth are severed from the claims of
25 plaintiff Spears.

26     4. Plaintiff Spears shall proceed as the sole plaintiff in the instant case, and each of the
27 other plaintiffs shall proceed in their own individual cases, as designated by the Clerk of Court.
28 ////

    5. The Clerk of Court is directed to:

        a. Open three separate civil actions for plaintiffs Benton, Anderson and Suddeth;

        b. Assign each action to the undersigned Magistrate Judge to whom the instant case is assigned, and make appropriate adjustment in the court's assignment of civil cases to compensate for such assignment;

        c. File and docket a copy of this order in each of the three newly-opened dockets;

        d. Place a copy of the original complaint and, as applicable, each plaintiff's application to proceed in forma pauperis and consent to the jurisdiction of the undersigned Magistrate Judge, in each of the plaintiff's newly-opened dockets;

        e. Strike from the caption of the original complaint all plaintiffs' names except the name of the individual plaintiff proceeding in that action;

        f. Send each plaintiff an endorsed copy of the original complaint bearing the amended caption and the case number assigned to his own individual action; and

        g. Send each plaintiff a new form for filing a civil rights action under 42 U.S.C. § 1983, and a new application to proceed in forma pauperis by a prisoner.

    6. Each plaintiff's original complaint is hereby dismissed with leave to file an amended complaint.

    7. Each plaintiff is granted thirty days from the filing date of this order to file an amended complaint and a new application to proceed in forma pauperis, using the forms provided by the court with this order. Each plaintiff's documents must bear the docket number assigned to his own individual case, and each complaint must be labeled "Amended Complaint." Each plaintiff must file an original and one copy of his amended complaint. Failure to file an amended complaint or a new application to proceed in forma pauperis in accordance with this order will result in a recommendation that the plaintiff's action be dismissed.

DATED: April 8, 2015

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE