1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   BRIAN SPEARS,                                No.  2:15-cv-0165 MCE AC P

11                  Plaintiff,

12        v.                                      ORDER and

13   EL DORADO COUNTY SHERIFF'S                   FINDINGS AND RECOMMENDATIONS
     DEPARTMENT, et al.,
14
                     Defendants.
15

16        I.      Introduction

17            Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights

18   action filed pursuant to 28 U.S.C. § 1983, which challenges conditions of plaintiff's confinement

19   at the El Dorado County Jail (EDCJ) while a pretrial detainee.  Plaintiff, who is African

20   American, is currently incarcerated at Mule Creek State Prison.  Pending before the court is

21   plaintiff's proposed Second Amended Complaint, ECF No. 33, which the court now screens

22   pursuant to 28 U.S.C. § 1915A.  This action is referred to the undersigned United States

23   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the reasons

24   set forth below, the court directs plaintiff to submit the information necessary for the United

25   States Marshal to serve process on defendants El Dorado County, EDCJ Sergeant Armstrong,

26   EDCJ Officers Handy and Garcia, and the EDCJ dentist (currently identified as Jane Doe).  In

27   addition, the court recommends the dismissal of plaintiff's Claims Three, Eight and Ten without

28   leave to amend.

                                              1

1

II.     Background

2          Plaintiff initially sought to pursue his claims jointly with three other jail inmates.  The

3     actions were severed but related and each inmate was directed to pursue his own claims.  Of the

4     four related cases, only the instant case proceeds.[1]

5          By order filed March 5, 2019, this court screened plaintiff's First Amended Complaint

6     (FAC) and found that three of his claims were cognizable as framed:  Claim Seven (cell

7     searches), Claim Nine (dental care) and Claim Eleven (legal mail).  See ECF No. 28.  The court

8     provided plaintiff the option of proceeding on those claims with this FAC or submitting a

9     proposed Second Amended Complaint (SAC) that included his cognizable claims and adequately

10    amended his deficient claims, specifically Claim Three (food), Claim Four (sleep), Claim Six

11    (grooming), Claim Eight (medical care/back injury), and Claim Ten (medical care/prescribed

12    treatments).  At the same time, the undersigned recommended the dismissal of plaintiff's Claim

13    One (putative class action failure to protect claim alleging EDCJ failed to protect protective

14    custody (PC) inmates from general population (GP) inmates); Claim Two (putative class action

15    claim challenging the quality of inmate medical care); Claim Five (putative class action claim

16    alleging discrimination against PC inmates); and plaintiff's claims for injunctive relief against El

17    Dorado County because plaintiff is no longer incarcerated there.  Id.  These recommendations

18    were adopted by the district judge on June 14, 2019, dismissing Claims One, Two and Five, and

19    plaintiff's claims for injunctive relief.  ECF No. 34.

20         Plaintiff opted to proceed with a proposed SAC.  ECF No. 33.  The SAC retains the same

21    identification of claims as set forth in the FAC, expressly "removing" Claims One, Two and Five

22    while retaining them as placeholders.  Id. at 12, 17.  Plaintiff explains that he has done so to

23    "make navigating this complaint more efficient."  ECF No. 33 at 12.[2]  In support of the remaining

24    claims plaintiff has refined his allegations.

25

26    _____

27    [1]  The other three related cases were closed without reaching the merits of the claims.  See Case
      Nos. 2:15-cv-00772, 2:15-cv-00773 and 2:15-cv-00774.

28    [2]  Cited page numbers reflect the court's electronic pagination of the SAC, not the internal
      pagination of the complaint.

1      III.     Screening of Plaintiff's Second Amended Complaint

2          A.     Legal Standards

3 As the undersigned previously informed plaintiff, this court is required to screen

4 complaints brought by prisoners seeking relief against a governmental entity or officer or

5 employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a

6 complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or

7 malicious," that fail to state a claim upon which relief may be granted, or that seek monetary

8 relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  A claim is

9 legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490

10 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

11 In addition, a pretrial detainee's challenges to the conditions of his or her confinement is

12 evaluated under the Fourteenth Amendment's Due Process Clause and assessed under an

13 objective reasonability standard.  Gordon v. County of Orange, 888 F.3d 1118, 1124-25 (9th Cir.

14 2018) (en banc) (citing Castro v. County of Los Angeles, 833 F.3d 1060, 1070-71 (9th Cir. 2016)

15 (en banc)), cert. denied sub nom. County of Orange v. Gordon, 2019 WL 113108 (U.S. Jan. 7,

16 2019).

17 The undersigned previously informed plaintiff of the pertinent legal standards governing

18 each of his claims and, where appropriate, the deficiencies in his prior allegations.  See generally

19 ECF No. 28.  The court does not repeat those standards here unless necessary to explain a ruling.

20          B.     Claims for Which a Response Will Be Required

21 The allegations of the SAC are sufficient for plaintiff to proceed on the following claims

22 against the following defendants:

23 Claim Four:  Plaintiff's allegations describing the many routine jail practices that deny

24 inmates continuous sleep at night, coupled with the headaches, memory loss, memory lapses and

25 possible exacerbation of his heart condition and sleep apnea that plaintiff alleges he suffered as a

26 result, see ECF No. 33 at 14-7 (see also id. at 26-31) are sufficient to state a Fourteenth

27 Amendment conditions of confinement claim.  "The mere lack of due care by a state official does

28 not deprive an individual of life, liberty, or property under the Fourteenth Amendment.  Thus, the

3

plaintiff must prove more than negligence but less than subjective intent – something akin to reckless disregard."  <u>Gordon</u>, 888 F.3d at 1125 (citations, internal quotation marks and fn. omitted).  Under "<u>Monell</u>,"[3] this claim is properly brought against El Dorado County based on their pertinent policies and practices concerning routine nighttime disturbances, as previously recounted by the court.  <u>See</u> ECF No. 28 at 10-1.

Claim Six:  For the reasons previously stated by this court, ECF No. 28 at 13-4, and based on plaintiff's refined allegations, ECF No. 33 at 17-9, plaintiff may proceed on his equal protection claim against EDCJ Sergeant Armstrong on the ground she intentionally deprived plaintiff of regular grooming appointments and personal access to clippers at least in part because plaintiff is African American.

Claim Seven:  For the reasons previously stated by this court, plaintiff may proceed on his equal protection claims against EDCJ Officers Handy and Garcia based their alleged racial discrimination against plaintiff in conducting cell searches.  <u>See</u> ECF No. 28 at 14-5.

Claim Nine: For the reasons previously stated by this court, plaintiff may proceed on his denial of dental care and racial discrimination claims against the EDCJ Dentist at the relevant time (hereafter "Jane Doe").[4]  <u>See</u> ECF No. 28 at 17-8.

Claim Eleven:  For the reasons previously stated by this court, plaintiff may proceed on his First and Sixth Amendment "<u>Monell</u> claims" against El Dorado County based on their policy

---

[3]  <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 690, 694-95 (1978) (Section 1983 claim against a local governmental entity requires allegations that a specific policy, custom, or practice of the entity was the "moving force" behind plaintiff's alleged constitutional deprivation).  "[A] municipality is liable under Monell only if a municipal policy or custom was the moving force behind the constitutional violation. In other words, there must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." <u>Villegas v. Gilroy Garlic Festival Ass'n</u>, 541 F.3d 950, 957 (9th Cir. 2008) (citations and internal quotation marks omitted).

[4]  Plaintiff should promptly seek the identity of Jane Doe from El Dorado County and/or the EDCJ, and/or pursuant to the California Public Records Act, Calif. Gov't. Code § 6250 et seq., or by other means available to plaintiff. If access to the required information is denied or unreasonably delayed, plaintiff may seek judicial intervention.  Although "Doe" pleading is disfavored in the federal courts, <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980), amendment is allowed to substitute the true name of fictitiously named defendants, <u>Merritt v. County of Los Angeles</u>, 875 F.2d 765 (9th Cir. 1989).

of opening clearly marked "legal mail" outside the presence of pretrial detainees.

C.     Failure to State a Claim

As earlier noted, plaintiff's Claims One, Two, and Five have already been dismissed from this action.

Claim Three:  For the reasons previously stated by the court, see ECF No. 28 at 9-10, plaintiff's allegations are insufficient to state a cognizable claim based on the quality of the food provided at EDCJ.  See SAC, ECF No. 33 at 12-4.  Amendment has not cured the previously identified deficiency.  Plaintiff's allegation that during the course of a year he gained 35 pounds and became prediabetic due to the inadequate and "fatty salty" food remains too vague to demonstrate that plaintiff's injuries were caused by the objectively unreasonable conduct of a specific defendant or the implementation of a specific EDCJ policy, custom or practice.

Claim Eight:  For the reasons previously stated by the court, see ECF No. 28 at 15-7, plaintiff's allegations are insufficient to state a cognizable claim premised on inadequate medical care and the refusal of EDCJ medical staff to provide plaintiff with a cane.  Amendment has not cured the previously identified deficiency.  See SAC, ECF No. 33 at 12-4.  Plaintiff's allegation that he was told "by a jail staff member . . . that the nurse did not want to give Spears a cane because he was black" is also insufficient to state a cognizable equal protection claim.

Claim Ten:  For the reasons previously stated by the court, see ECF No. 28 at 18-9, plaintiff's allegations are insufficient to state a cognizable claim premised on the denial of adequate medical care.  Amendment has not cured the previously identified deficiency.  See SAC, ECF No. 33 at 26-32.  Plaintiff concedes that the types of medications he was prescribed and when they were administered, as well as the frequency of his blood tests, had to be decided in the first instance by EDCJ physician Dr. Lee.  Id. at 29.  Plaintiff's allegations that EDCJ Medical Manager Nurse Isaacson and Charge Nurse Bianchi sought to punish or retaliate against plaintiff, id. at 28, 30, are not relevant under the Fourteen Amendment's objective standard.  See Gordon, 888 F.3d at 1124-25.  The fact that plaintiff may have been prescribed other, more expensive (and even more effective) medications by outside physicians does not in itself render the decisions made by jail medical staff unreasonable.  The same is true for plaintiff's orthopedic shoes, which

his family ultimately provided.  ECF No. 33 at 28.  As to the CPAP machine, plaintiff alleges only that he had used one prior to his incarceration, id. at 31, which is insufficient to demonstrate that one was medically necessary during his incarceration or that failure to provide one violated his rights.

        D.    Further Leave to Amend Would Be Futile

A pro se litigant should be provided an opportunity to amend, unless amendment would be futile.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).  Here, plaintiff has already been provided an opportunity to amend Claims Three, Eight, and Ten, and has been informed of the standards for successfully pleading his claims.  Plaintiff's continued failure to allege facts sufficient to state a claim for relief indicates that no such facts are available.  Accordingly, further leave to amend is not appropriate.

IV.    Conclusion

Accordingly, **IT IS HEREBY ORDERED** that:

1.  In accordance with 28 U.S.C. § 1915A, this court has screened and found service of the Second Amended Complaint (ECF No. 33) appropriate against the following defendants on the following claims:

        a.  Fourteenth Amendment denial of due process Monell claim against El Dorado County based on its policies and practices resulting in the frequent waking of prisoners at night (Claim Four).

        b.  Fourteenth Amendment denial of equal protection based on racial animus against EDCJ Sergeant Armstrong (Claim Six) based on depriving plaintiff of regular grooming appointments and implements.

        c.  Fourteenth Amendment denial of equal protection based on racial animus against EDCJ Officers Handy and Garcia based on their frequent and destructive searches of plaintiff's cell (Claim Seven).

        d.  Fourteenth Amendment denial of adequate dental care and equal protection claims against the EDCJ Dentist (Jane Doe) based on racial animus (Claim Nine).

6

e. First and Sixth Amendment <u>Monell</u> claims against El Dorado County based on its policy of opening clearly marked "legal mail" outside the presence of pretrial detainees (Claim Eleven).

2. The Clerk of the Court is directed to send plaintiff one summons, five USM-285 forms. a copy of the endorsed Second Amended Complaint (ECF No. 33), and an instruction sheet informing plaintiff how to proceed in completing and submitting the necessary service documents.

3. Within thirty (30) days after the filing date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

a. The completed Notice of Submission of Documents;

b. One completed summons;

c. Five completed USM-285 forms (one for each defendant);[5] and

d. Six copies of the endorsed Second Amended Complaint (ECF No. 33)[6]

Further, for the foregoing reasons, **IT IS HEREBY RECOMMENDED** that plaintiff's Claims Three, Eight and Ten be dismissed without further leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 4, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff is required to promptly obtain the identity of Jane Doe and seek leave of court to substitute the EDCJ dentist's actual name. <u>See</u> n.4, supra.

[6] The United States Marshal will retain one copy of the Second Amended Complaint.

7

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRIAN SPEARS,                              No.  2:15-cv-0165 MCE AC P

12                 Plaintiff,

13        v.                                    NOTICE OF SUBMISSION OF
                                                DOCUMENTS
14   EL DORADO COUNTY SHERIFF'S
     DEPARTMENT, et al.,
15
                  Defendants.
16

17        Plaintiff submits the following documents in compliance with the court's order filed

18   _____:

19

20               ____        One completed summons form

21               ____        Five completed USM-285 forms

22

23

24

25   _____        _____
     Date                                    Plaintiff

26

27

28

                                          1