UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SPEARS, | No. 2:15-cv-0165 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| BRUCE BENTON, et al. | |
| Defendants. | |

      Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983.  The matter is before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      Plaintiff seeks a ninety-day extension of time to submit additional information to the court so that defendant Armstrong may be served.  See ECF No. 58.  For the reasons stated below, the court will direct the El Dorado County Jail to provide under seal the last known address of defendant Armstrong so that a second service of process attempt may be made.

      On June 28, 2021, the court ordered that several defendants, including correctional sergeant Armstrong, be served with plaintiff's second amended complaint ("SAC").  ECF No. 45.  Shortly thereafter, on July 15, 2021, the summons for defendant Armstrong was returned to the court unexecuted.  ECF No. 47.  The statement provided by El Dorado County Jail on the process receipt indicated that defendant Sergeant Armstrong had left the county's employment and that

1

her whereabouts were unknown.  See id.  Accordingly, on July 20, 2021, plaintiff was sent a USM-284 form and related documents and ordered to return them to the court within sixty days with what was presumed would be defendant Armstrong's updated service information.  See ECF No. 48.

On September 14, 2021, counsel for defendant El Dorado County and defendants Garcia and Handy filed a motion to dismiss, ECF No. 54, which remains pending.  On September 27, 2021, Dr. Suzanna Kurk, a dentist and the final named defendant in this action, filed an answer to the SAC.  See ECF No. 57.  All named defendants except defendant Armstrong accordingly have been served and have responded to the complaint.

Because plaintiff has been unable thus far to obtain the necessary service information for Armstrong, and the record indicates that Armstrong left the El Dorado County Jail's employment "several years ago," ECF No. 47, it appears unlikely that a 90-day extension of time will enable plaintiff to obtain the necessary information without court intervention.  In the interests of justice and expediency, the court will direct the El Dorado County Jail to provide the last known address it has for defendant Armstrong and to do so under seal within fourteen days.  Thereafter, the court will direct the U.S. Marshal's Office to attempt to serve defendant Armstrong at the location that has been provided.

Accordingly, IT IS HEREBY ORDERED that:

1.  Within fourteen days of the date of this order, defendant El Dorado County shall provide under seal the last known address of its former employee, defendant Armstrong, a correctional sergeant at the El Dorado County Jail during the relevant period in question, so that a reasonable attempt at service may be made, and

2.  Plaintiff's motion for a ninety-day extension of time to provide additional information about defendant Armstrong for purposes of service of process (ECF No. 58) is DENIED as moot.

DATED: October 13, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE