UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SPEARS, | No. 2:15-cv-0165 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| EL DORADO COUNTY, et al., | |
| Defendants. | |

    Plaintiff, formerly an El Dorado County Jail inmate and currently a state prisoner proceeding pro se and in forma pauperis, is pursuing relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge for pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On November 30, 2021, the U.S. Marshal's Office filed a summons returned unexecuted for defendant Carol Armstrong. See ECF No. 69. The document indicates that service attempted by U.S. Mail was unsuccessful. See id. Given that this is the second unsuccessful court-ordered attempt to locate defendant Armstrong (see ECF Nos. 47, 69), plaintiff will be directed to inform the court whether he wishes: (1) to keep defendant Armstrong as a named defendant in this action until the end of the discovery phase, or (2) to voluntarily dismiss her from this action. Should

1

plaintiff opt to keep defendant Armstrong as a named defendant in this action, he will be obligated to make diligent efforts until the end of the discovery period to locate a current address for her so that she can be served.

In addition, given that defendant El Dorado County was directed to provide the last known address of defendant Armstrong under seal (see ECF Nos. 60, 62), consistent with that order, the Clerk of Court will be directed to refile the November 30, 2021, unexecuted summons for defendant Armstrong (see ECF No. 69) under seal as well.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to refile the November 30, 2021, summons returned unexecuted (see ECF No. 69) under seal, and

2. Within fourteen days of the date of this order, plaintiff shall inform the court whether he wishes: (a) to keep Carol Armstrong as a named defendant in this action until the end of discovery phase, or (b) to voluntarily dismiss defendant Armstrong.

Should plaintiff choose the first option, he is informed that a failure to locate and provide an accurate service address for defendant Armstrong to the court by the close of discovery will lead to her dismissal without prejudice from this action.

DATED: December 2, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE