UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SPEARS,<br><br>    Plaintiff,<br><br>    v.<br><br>EL DORADO COUNTY, et al.,<br><br>    Defendants. | No. 2:15-cv-0165 MCE AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff has moved for modification of the discovery and scheduling order. ECF No. 103. Defendants Handy, Garcia, and El Dorado County have filed an opposition to the motion (ECF No. 108), to which plaintiff has replied (ECF No. 110). For the reasons stated below, plaintiff's motion will be denied, and discovery will remain closed. In addition, it will be recommended that defendant Armstrong be dismissed.

I. MOTION TO MODIFY SCHEDULING ORDER

The discovery and scheduling order in this case has already been modified three times, twice on plaintiff's motion. See ECF Nos. 76, 100; see also ECF No. 78. The last modification order specified that all discovery must be completed and any motions to compel must be filed no later than June 5, 2023, and that no further extensions would be granted absent exigent circumstances. ECF No. 100 at 2. Plaintiff's present motion for modification was docketed on June 5, 2023. ECF No. 103. Plaintiff states that he needs additional time to complete discovery

1  related to defendant El Dorado County, which answered the complaint later than the other
2  defendants. See ECF No. 103 at 1-2. The circumstances that plaintiff presents as a basis for
3  further extension of the discovery period—his custodial status and limited access to the law
4  library, his other litigation, work obligations, an out-of-service photocopier, and other processing
5  delays—are common features of prison life and do not constitute exigent circumstances.

6       El Dorado County answered the complaint in November 2022. ECF No. 95. Even
7  accepting plaintiff's representation that he did not receive a copy until December 2022, he has
8  had over a year and a half since receipt of the answer to conduct discovery. That is more than
9  enough time. This case was filed in 2015 and further delays are contrary to the interests of
10 justice. Plaintiff has not demonstrated exigent circumstances as required for a further
11 modification of the schedule by this court's prior order, and the motion therefore will be denied.

12      II.    DISMISSAL OF DEFENDANT ARMSTRONG
13       A. Background

14      In June of 2021, the court ordered defendant Carol Armstrong to be served along with
15 other defendants. ECF No. 45. Shortly thereafter, the summons for Armstrong was returned to
16 the court unexecuted. ECF No. 47. The process receipt indicated that her whereabouts were
17 unknown. Id. As a result, in October of 2021, the court ordered Armstrong's former employer,
18 defendant El Dorado County, to provide under seal Armstrong's last known address so that a
19 reasonable attempt at service could be made. See ECF No. 60.

20      The County complied with the court's order, but a second service attempt was also
21 unsuccessful. See ECF Nos. 62, 69. Consequently, in December of 2021, plaintiff was directed
22 to inform the court whether he wished to maintain his claims against Armstrong until the end of
23 discovery or voluntarily dismiss her. ECF No. 71. Plaintiff opted to retain her as a defendant
24 until the end of discovery, and he stated that he would "diligently obtain a valid service address"
25 for her. ECF No. 72.

26       B. Discussion

27      Absent good cause or an extension of time, if a defendant is not served within ninety days
28 after the complaint is filed, the court is required to dismiss the action against that defendant. Fed.

2

R. Civ. P. 4(m); Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Since December of 2021, plaintiff has been given additional time to determine an accurate address for defendant Armstrong and request that she be served. Despite multiple modifications of the discovery and scheduling order – which extended the close of discovery date (see ECF Nos. 76, 78, 100), and thus, plaintiff's time to find an accurate service address – plaintiff has not indicated that he has found one for defendant Armstrong so that she can be served. For these reasons, it will be recommended that defendant Armstrong be dismissed pursuant to Rule 4(m).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to modify the discovery and scheduling order (ECF No. 103) is DENIED.

IT IS FURTHER RECOMMENDED that defendant Carol Armstrong be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 4(m).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 19, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE