UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SPEARS,<br><br>  Plaintiff,<br><br>  v.<br><br>EL DORADO COUNTY, et al.,<br><br>  Defendants. | No.  2:15-cv-0165 MCE AC P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court are plaintiff's motions to compel (ECF Nos. 104-106) and defendants El Dorado County, Garcia, and Handy's motion for summary judgment (ECF No. 114).

I.   Procedural History

This case proceeds on the second amended complaint.  ECF No. 33.  On screening, the court found that Claims Four and Eleven stated cognizable claims against El Dorado County, Claim Six stated a cognizable claim against defendant Armstrong, Claim Seven stated a claim for relief against defendants Garcia and Handy, and Claim Nine stated a claim for relief against defendant Kurk.[1]  ECF No. 38.  All other claims and defendants were dismissed.  ECF No. 44.

---

[1] Defendant Kurk was identified in the complaint as Doe #2 and was later substituted in.  ECF No. 42.

1

1  Garcia, Handy, and Kurk answered the complaint (ECF Nos. 52, 57) while El Dorado County
2  filed a motion to dismiss (ECF No. 54).  The motion to dismiss was granted as to Claim Eleven
3  and plaintiff's claim for injunctive relief (ECF No. 92) and El Dorado County subsequently filed
4  an answer to the complaint (ECF No. 95).

5  At the close of discovery, plaintiff filed motions to compel against Garcia, Handy, and
6  Kurk (ECF Nos. 104-106), which defendants oppose (ECF Nos. 107, 109).  After the close of
7  discovery, El Dorado County, Garcia, and Handy moved for summary judgment[2] (ECF No. 114),
8  which plaintiff has opposed (ECF No. 121).  Also pending is the recommendation that defendant
9  Armstrong be dismissed for failure to serve the complaint.  ECF No. 116.

10  II.  Motions to Compel
11  A.  Legal Standards for Discovery

12  The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad.
13  Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or
14  defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  "Information within
15  this scope of discovery need not be admissible in evidence to be discoverable." Id.  The court,
16  however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained
17  from some other source that is more convenient, less burdensome, or less expensive;" or if the
18  party who seeks discovery "has had ample opportunity to obtain the information by discovery;"
19  or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.
20  26(b)(2)(C).  The purpose of discovery is to "make a trial less a game of blind man's bluff and
21  more a fair contest with the basic issues and facts disclosed to the fullest practicable extent,"
22  United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to
23  narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501
24  (1947).

25  Under Federal Rule of Civil Procedure 37, a motion to compel may be made if "a party
26  fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or

---

[2] Defendant Kurk, who is represented by separate counsel, did not move for summary judgment and the time for doing so has now passed.

fails to respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). The party seeking to compel discovery has the burden of showing that the discovery sought is relevant or that its denial will cause substantial prejudice. Aros v. Fansler, 548 F. App'x 500, 501 (9th Cir. 2013) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)). The opposing party is "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). Under Federal Rule of Civil Procedure 36, a party may move for a determination as to the sufficiency of an answer or objection to an admission. Fed. R. Civ. P. 36(a)(6).

### B. Garcia and Handy

#### i. Allegations

The second amended complaint alleges that plaintiff was subjected to cell searches that were more frequent and severe than those experienced by other inmates in the pod, and that the frequency and severity was due to being African American. ECF No. 33 at 20-21. On one occasion, Handy completely destroyed plaintiff's cell, leaving legal work, mail, photographs, and canteen items all over the floor and his blankets and sheets under the toilet, while all the other cells that had been searched looked relatively untouched. Id. During a separate period of time Garcia routinely searched plaintiff's cell every Sunday, and while the searches were supposed to be random, plaintiff's cell was usually the only one searched. Id. at 21.

#### ii. Discovery Sought

Plaintiff seeks to compel further responses from defendant Handy to interrogatories 3-8; requests for admission 1-5 and 7-9; and requests for production 1, 3, and 4. ECF No. 104. He seeks to compel further responses from defendant Garcia to interrogatories 3-10; requests for admission 1, 2, 5, and 7; and requests for production 2, 3, and 4. ECF No. 105.

#### iii. Defendants' Response

Defendants Handy and Garcia argue that plaintiff's motion is untimely and oppose the motion solely on that ground. ECF No. 109.

////

////

iv. Discussion

a. Timeliness

The deadline for completing discovery, including the filing of motions to compel, was June 5, 2023. ECF No. 100 at 2. Although plaintiff's motions were not received by the court until June 8, 2023, his certificates of service state that they were mailed on June 5, 2023. ECF No. 104-3 at 50; ECF No. 105-2 at 70. Because plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule, which provides that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988). Defendants have provided no evidence that plaintiff's certificate of service is inaccurate, and the motions are therefore timely.

b. Interrogatories

> **Interrogatory No. 3:** Identify any documents kept by you or the jail related to which cells were searched during relevant times.
>
> **Response:** [Defendant] objects to this request on the grounds that it is vague, ambiguous, and overbroad in that "any documents" is not defined. Objection is further made on the grounds that the request is overbroad as to both time and scope. Additionally, objection is made on the grounds that the request is compound and seeks documents kept by the jail, from whom this discovery request is not directed. Notwithstanding said objections and without waiving them, [defendant] responds as follows:
>
> [Defendant] does not have any documents responsive to this request within his possession, custody, or control.

ECF No. 104-3 at 34 (Handy); ECF No. 105-2 at 39 (Garcia).

Defendants' objection that the term "any documents" is undefined is without merit, as plaintiff's attachments demonstrate that he included definitions with his interrogatories that defined the term "document." ECF No. 104-3 at 5; ECF No. 105-2 at 5. The objection to the time and scope is similarly overruled as plaintiff's definition of "relevant times" coincides with the time period at issue in the complaint. ECF No. 33 at 11; ECF No. 104-3 at 6; ECF No. 105-2 at 6. Defendants have also failed to respond to what is asked by the interrogatory. The interrogatory requests that defendants identify documents, not that they produce them. However, defendants responded that they did not have any responsive documents in their possession,

custody, or control. Therefore, to the extent defendants are objecting to the request on the ground that they are unable to produce responsive documents, the objection is overruled. Moreover, while defendants may not have control or custody over documents retained by the jail, they should be able to respond based upon any institutional knowledge that they gained as employees at the jail regarding the types of records the jail maintained. For these reasons, defendants will be required to supplement their responses to Interrogatory No. 3. Since Interrogatory No. 4 to each defendant is essentially the same as Interrogatory No. 3 and merely adds that the documents to be identified include records identifying the dates on which searches were conducted, defendants shall be required to similarly supplement their responses to Interrogatory No. 4.

> **Interrogatory No. 5:** Identify any training you received related to racial sensitivity prior to or during relevant times.
>
> **Response:** [Defendant] objects to this request on the grounds that it is overbroad in time and scope. Notwithstanding said objections and without waiving them, [defendant] responds as follows:
>
> [Defendant] does not have any documents responsive to this request within his possession, custody, or control.

ECF No. 104-3 at 34-35 (Handy); ECF No. 105-2 at 39-40 (Garcia).

Defendants' objections regarding time and scope are overruled and they will be required to provide supplemental responses to Interrogatory No. 5 as they have failed to respond to the interrogatory, which requests that they identify training they received, not that they produce documents. Defendants should be able to respond to the interrogatory based upon their own memories and any documentation accessible to them that might refresh their recollections.

> **Interrogatory No. 6:** Identify the policy you used in determining which cell you would search during relevant times.
>
> **Response:** [Defendant] objections to this request on the grounds that it is vague, ambiguous, and overbroad as to both time and scope. Notwithstanding said objections and without waiving them, [defendant] responds as follows:
>
> Due to the passage of time, [defendant] is unable to recall.
>
> **Interrogatory No. 7:** Identify the days and times you searched plaintiff's cell during relevant times.
>
> **Response:** [Defendant] objects to this request on the grounds that it is overbroad as to both time and scope. Notwithstanding said

5

objections and without waiving them, [defendant] responds as follows:

Due to the passage of time, [defendant] is unable to recall.

**Interrogatory No. 8:** Identify the number of times you searched plaintiff's cell during relevant times.

**Response:** [Defendant] objects to this request on the grounds that it is overbroad as to both time and scope. Notwithstanding said objections and without waiving them, [defendant] responds as follows:

Due to the passage of time, [defendant] is unable to recall.

**Interrogatory No. 10:** Identify the number of times you searched plaintiff's cell each of the following years: 2012, 2013, 2014, and 2015.

**Response:** Garcia objects to this request on the grounds that it is overbroad as to both time and scope. Notwithstanding said objections and without waiving them, Garcia responds as follows:

Due to the passage of time, Garcia is unable to recall.

ECF No. 104-3 at 35 (Handy); ECF No. 105-2 at 40-41 (Garcia).

Defendants' objections regarding time and scope are overruled and their unelaborated responses that they are unable to recall are insufficient. If defendants are unable to respond to an interrogatory based solely on their recollection, they have a responsibility to make a reasonable inquiry into the matter. See Stolz v. Travelers Com. Ins. Co., No. 2:18-cv-1923 KJM KJN, 2019 WL 4392446, at *6, 2019 U.S. Dist. LEXIS 157096, at *20-21 (E.D. Cal. Sept. 13, 2019) (collecting cases). Defendants will therefore be required to provide supplemental responses to these interrogatories.

**Interrogatory No. 9:** Identify any communication you had with plaintiff's wife Lauren Spears at any time related to the complaint between the dates of January 2020 and October 31, 2021.

**Response:** Garcia objects to this request on the grounds that it is overbroad as to both time and scope. Notwithstanding said objections and without waiving them, Garcia responds as follows:

Garcia does not have any communication to identify.

ECF No. 105-2 at 40-41.

Garcia's objections as to time and scope are overruled. However, the court interprets his

6

1   response that he has no communication to identify as meaning he had no communication with
2   plaintiff's wife. If this interpretation is incorrect, Garcia shall supplement his response to clarify.
3   In the event Garcia's response remains unchanged, the court cannot compel Garcia to change his
4   answer. If plaintiff believes the response to be untrue, he will be free to attempt to impeach
5   Garcia with any evidence he has to the contrary.

6   In providing supplemental responses to the interrogatories identified above, if defendants'
7   recollection is not sufficient to respond to the interrogatory, they shall conduct a reasonable
8   inquiry into the matter and review any relevant evidence to see whether their recollection can be
9   refreshed. If their recollection and inquiry is insufficient to respond, they must set forth what
10  efforts they took to obtain responses and then respond accordingly under oath. If documents or
11  evidence to refresh their recollection or that would allow them to respond to the interrogatories
12  are not in their possession, control,[3] or custody, defendants shall explain why the documents are
13  not accessible to them.

14              c.   Admissions

15  In addition to raising objections, defendants have responded to each of the requests for
16  admission at issue by stating that they have "made a reasonable inquiry and the information
17  known or can be readily obtained is insufficient to enable [them] to admit or deny." ECF No.
18  104-3 at 40-43 (Handy responses to requests 1-5, 7-9); ECF No. 105-2 at 45-47 (Garcia responses
19  to requests 1, 2, 5, 7). However, defendants fail to set forth any detail as to the nature of the
20  "reasonable inquiry" they made. Defendants will therefore be required to supplement their
21  responses to the requests identified by plaintiff by either admitting or denying the requests or
22  stating in detail the nature of the "reasonable inquiry" they made. See Asea, Inc. v. S. Pac.
23  Transp. Co., 669 F.2d 1242, 1246 (9th Cir.1981) ("We are not persuaded that an answer to a
24  request for admission necessarily complies with Rule 36(a) merely because it includes a statement
25  that the party has made reasonable inquiry and that the information necessary to admit or deny the

26  ───────────────

27  [3] "Control is defined as the legal right to obtain documents upon demand." United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) (citation
28  omitted).

7

matter is not readily obtainable by him).

        d. <u>Requests for Production</u>

> **Request No. 1:** Produce all documents related to your searching of plaintiff's cell.
>
> **Response:** Handy objects to this request on the grounds that it is vague, ambiguous, burdensome, and overbroad. Therefore, Handy will not be producing any documents related to this request. Notwithstanding said objections and without waiving them, Handy responds as follows:
>
> Handy does not have any documents responsive to this request within his possession, custody, or control.

ECF No. 104-3 at 46.

Absent further elaboration by defendant, the court finds that the request for documents related to the Handy's searches of plaintiff's cell is not vague, ambiguous, or overbroad. Defendant's objection that the request is burdensome is also unsupported by any specific facts regarding the burden this production would create. It is further unclear from the response whether Handy does not have possession, custody, or control of responsive documents because such documents do not exist or whether the documents do exist but are outside his possession, custody, or control. Handy will therefore be required to clarify his response. If such documents exist but are not in Handy's possession, custody, or control, he shall explain why the documents are not accessible to him and identify the appropriate custodian of records so that plaintiff may subpoena the records if he wishes.

> **Request No. 3 (Handy)/Request No. 2 (Garcia):** Produce a true copy of all documents related to your employment agreement with the jail during relevant times.
>
> Response: [Defendant] objects to this request on the grounds that the term "employment agreement" is vague, ambiguous, burdensome, overbroad, and not defined. Therefore [defendant] will not be producing any documents related to this request. However, [defendant] invites Plaintiff to meet and confer regarding this request.

ECF No. 104-3 at 47 (Handy); ECF No. 105-2 at 33 (Garcia).

The court finds defendants' objections on the ground that the term "employment

agreement" is vague, ambiguous, or overbroad to be without merit and their objection that the request is burdensome is unsupported by any specific facts regarding the burden this production would create. Defendants will therefore be required to provide supplemental responses to this request.

> **Request No. 4:** Produce a true copy of all documents related to complaints or grievances against you related to your cell searches.
>
> **Response:** Handy objects to this request on the grounds that it is vague, ambiguous, burdensome, and overbroad in that it seeks "all documents" filed by inmates. Additionally the request is overbroad as to time. Notwithstanding said objections and without waiving them, Handy responds as follows:
>
> Handy does not have any documents responsive to this request within his possession, custody, or control.

ECF No. 104-3 at 46-47.

> **Request No. 3:** Produce a true copy of all documents filed against you by inmates at the jail between January 2012 and December 2021 inclusive.
>
> **Response:** Garcia objects to this request on the grounds that it is vague, ambiguous, burdensome, and overbroad in that it seeks "all documents" filed by inmates. Additionally, the request is overbroad as to time in that it seeks documents from well after when the claims giving rise to the Complaint occurred. Therefore, Garcia will not be producing any documents related to this request. However, Garcia invites Plaintiff to meet and confer regarding this request.

ECF No. 105-2 at 33.

Defendants' objections regarding the scope of these requests are well taken, as the breadth of the requests exceeds the issues presented to the court in this case. However, their objection that the requests are burdensome are unsupported by any specific facts regarding the burden this production would create. The requests are reasonably understood to encompass complaints, grievances, lawsuits, and disciplinary actions against Handy and complaints, grievances, and lawsuits against Garcia. The requests will be narrowed to those documents relating to conduct of the same type at issue in this action. Handy will therefore be required to produce copies of any staff or inmate complaints, grievances, disciplinary actions, and operative complaints in lawsuits,

////

9

from April 2012 through August 2016, of which he is are aware,[4] that contain allegations that he subjected inmates to more frequent or severe cell searches based on their race.  Garcia will be required to produce any inmate complaints, grievances, and operative complaints in lawsuits, from April 2012 through August 2016, of which he is are aware, that contain allegations that he discriminated against inmates based on their race.

> **Request No. 4:** Produce a true copy of all documents related to the searching officers conduct during the search in place during relevant times.
>
> **Response:** Garcia objects to this request on the grounds that the term "searching officers conduct" is vague, ambiguous, burdensome, overbroad, and not defined.  Objection is further made on the grounds that "the search" is not defined.  Therefore Garcia will not be producing any documents related to this request.  However, Garcia invites Plaintiff to meet and confer regarding this request.

ECF No. 105-2 at 34.

Though awkwardly worded, the court finds that plaintiff's request is not vague, ambiguous, burdensome, or overbroad in the context of the allegations against Garcia.  The request is reasonably interpreted to seek any policies governing the conduct of an officer conducting a cell search between April 2012 and February 2015 and between June and August 2016.  Garcia will therefore be required to supplement his response.

### C. Kurk

#### i. Allegations

The second amended complaint alleges that defendant Kurk denied plaintiff dental care and did so because of his race.  ECF No. 33 at 24-25.  Shortly before beginning his incarceration, plaintiff had dental work completed and all that was left was to schedule a cleaning.  Id. at 24.  Within a few months of arriving at the jail, plaintiff chipped a cap and put in a request to see the dentist.  Id.  Kurk saw plaintiff in response to the request and told him that jail policy did not allow for repair or replacement of the cap but that she could pull the tooth instead.  Id.  When plaintiff asked about preventative care, he was told that it was not provided.  Id.  Plaintiff later

---

[4] Defendants are considered to be aware of any such documentation contained within their personnel files.

10

learned that other inmates, all non-African American, were called into the dentist's office on a bi-weekly basis for flossing and rinsing. Id. After submitting a grievance, plaintiff was called for flossing and rinsing, at which time he learned that another inmate had been provided with other preventative and maintenance work. Id. at 24-25. When Kurk inspected plaintiff's mouth, she told him that he needed a severe cleaning and it would be scheduled a little at a time, but plaintiff was never called back and was not seen by a dentist again until he was transferred to the state prison, at which time he was told he needed extensive work. Id. at 25.

    ii. Discovery Sought

 Plaintiff seeks to compel further responses from defendant Kurk to interrogatories 1-3 and 6-7; requests for admission 1-2; and requests for production 1-3, and 6-7. ECF No. 106.

    iii. Defendant's Response

 Defendant Kurk opposes the motion to the grounds that she provided sufficient responses and that plaintiff's delay in bringing the motion renders it untimely. ECF No. 107.

    iv. Discussion

    a. Timeliness

 Defendant Kurk acknowledges that plaintiff's motion was filed by the deadline set by this court but argues that the motion is nevertheless untimely because plaintiff waited until six months after the parties had last discussed the responses at issue to bring the motion. ECF No. 107 at 3. Although plaintiff may have delayed in filing his motion to compel after the parties discussed the responses at issue, the motion was still filed within the time permitted and is therefore timely.

    b. Interrogatories

> **Interrogatory No. 1:** IDENTIFY the JAIL'S policy for dental care for inmates at the JAIL during RELEVANT TIMES.
>
> **Response:** Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad as to both time and scope. Also, the term "dental care" is vague, ambiguous, and undefined, requiring Defendant to speculate in forming a response. Additionally, objection is made on the grounds that the request appears to seek documents in the possession of the JAIL, to whom this discovery request is not directed.
>
> Notwithstanding said objections and without waiving them, Defendant responds as follows: Due to the passage of time,

11

Defendant is unable to recall the specific details regarding the JAIL's policy related to providing dental care for inmates at the JAIL during the RELEVANT TIMES. Defendant also does not have any documents responsive to this request within her possession, custody, or control.

**Interrogatory No. 2:** IDENTIFY the policy YOU used in providing dental care services to PLAINTIFF during RELEVANT TIMES.

**Response:** Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad as to both time and scope. The term "dental care services" is also undefined, requiring Defendant to speculate to formulate a response.

Notwithstanding said objections and without waiving them, Defendant responds as follows: Due to the passage of time, Defendant is unable to recall the specific details of any policy she used in providing dental care services to PLAINTIFF during RELEVANT TIMES. Defendant also does not have any documents responsive to this request within her possession, custody, or control.

**Interrogatory No. 6:** IDENTIFY all policies at the JAIL RELATED TO dental care RELATED TO providing services other than the pulling of teeth during RELEVANT TIMES.

**Response:** Defendant objects to this request on the grounds that it is vague, ambiguous, unintelligible, and overbroad as to both time and scope. The term "providing services" is also vague, ambiguous, and undefined, requiring Defendant to speculate as to what is being request in order to formulate a response.

Notwithstanding said objections and without waiving them, Defendant responds as follows: Due to the passage of time, Defendant is unable to recall the specific details regarding all policies at the JAIL related to providing dental care services other than the pulling of teeth during RELEVANT TIMES. Defendant also does not have any documents responsive to this request within her possession, custody, or control.

**Interrogatory No. 7:** IDENTIFY all policies at the JAIL RELATED TO dental care in place during RELEVANT TIMES.

**Response:** Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad as to both time and scope. The term "dental care in place" is also vague, ambiguous, and undefined, requiring Defendant to speculate as to what is being request in order to formulate a response.

Notwithstanding said objections and without waiving them, Defendant responds as follows: Due to the passage of time, Defendant is unable to recall the specific details regarding all policies at the JAIL related to dental care in place during RELEVANT TIMES. Defendant also does not have any documents responsive to this request within her possession, custody, or control.

ECF No. 106-2 at 43-46.

Defendant Kurk's objections to the time and scope are overruled because plaintiff's attachments demonstrate that he included a definition of "relevant times" that coincides with the time period at issue in the complaint. ECF No. 106-2 at 6. The court also finds that the disputed terms, though undefined, are not so vague and ambiguous as to render the interrogatories unanswerable, and the unelaborated responses that Kurk is unable to recall and has no access to documents are insufficient. Where a defendant is unable to respond to an interrogatory based solely on her recollection, she has a responsibility to make a reasonable inquiry into the matter. See Stolz, 2019 WL 4392446, at *6, 2019 U.S. Dist. LEXIS 157096, at *20-21 (collecting cases). Kurk will therefore be required to provide supplemental responses to these interrogatories. In providing supplemental responses to the interrogatories identified above, Kurk shall set forth what efforts she took to obtain responses and then respond accordingly under oath. She shall further supplement her responses with an explanation as to why documents that could refresh her recollection or allow her to respond to the interrogatories are not accessible to her.

> **Interrogatory No. 3:** IDENTIFY any form of training YOU received RELATED TO racial sensitivity prior to or during RELEVANT TIMES.
>
> **Response:** Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad as to both time and scope. The term "racial sensitivity" is also vague, ambiguous, and undefined, requiring Defendant to speculate as to what is meant in formulating a response.
>
> Notwithstanding said objections and without waiving them, Defendant responds as follows: Defendant does not have any documents responsive to this request within her possession, custody, or control.

ECF No. 106-2 at 44.

Defendant's objections regarding time and scope are overruled. Furthermore, the court does not find the term "racial sensitivity" to be so vague and ambiguous that defendant would be unable to respond to the interrogatory. Defendant will therefore be required to provide supplemental responses to Interrogatory No. 3, as she has failed to respond to the interrogatory, which requests that she identify training she received, not that she produce documents. To the

extent defendant now responds that she does not have access to documents to refresh her recollection, she has still failed to provide a response based upon her recollection of any training she has received.

### c. Admissions

In addition to raising objections, defendant has responded to each of the requests for admission at issue by stating that she has "made a reasonable inquiry and the information known or can be readily obtained is insufficient to enable Defendant to admit or deny." ECF No. 106-2 at 51 (responses to requests 1, 2). However, she fails to set forth any detail as to the nature of the "reasonable inquiry" she made. Kurk will therefore be required to supplement her responses to the requests identified by plaintiff by either admitting or denying the requests or stating in detail the nature of the "reasonable inquiry" she made. See Asea, Inc., 669 F.2d at 1246 ("We are not persuaded that an answer to a request for admission necessarily complies with Rule 36(a) merely because it includes a statement that the party has made reasonable inquiry and that the information necessary to admit or deny the matter is not readily obtainable by him).

### d. Requests for Production

**Request No. 1:** Documents containing a complete list of all inmates, including their race, gender, and age, who received flossing by YOU during RELEVANT TIMES.

**Response:** Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad as to both time and scope. Furthermore, Defendant objects to this request to the extent it seeks to invade the right to privacy of Defendant and/or third parties, which is protected under HIPAA, California state law, and Article I, Section I of the California Constitution and/or the U.S. Constitution. Additionally, this request is not reasonably calculated to lead to the discovery of admissible evidence. This request is also impermissibly compound.

Notwithstanding said objections and without waiving them, Defendant responds as follows: Defendant does not have any documents responsive to this request within her possession, custody, or control.

**Request No. 2:** Documents containing all dental care logs for all inmates, including their race, gender, and age, who received dental care during RELEVANT TIMES including what services they received at the JAIL.

**Response:** Defendant objects to this request on the grounds that it is

> vague, ambiguous, and overbroad as to both time and scope. Furthermore, Defendant objects to this request to the extent it seeks to invade the right to privacy of Defendant and/or third parties, which is protected under HIPAA, California state law, and Article I, Section I of the California Constitution and/or the U.S. Constitution. Additionally, this request is not reasonably calculated to lead to the discovery of admissible evidence. This request is also impermissibly compound.
>
> Notwithstanding said objections and without waiving them, Defendant responds as follows: Defendant does not have any documents responsive to this request within her possession, custody, or control.

ECF No. 106-2 at 61-62.

With respect to Kurk's objections based on the Health Insurance Portability and Accountability Act (HIPAA), HIPAA expressly provides that health information may be disclosed in a judicial proceeding in response to a court order. 45 C.F.R. § 164.512(e)(1)(i). Moreover, redaction should address any privacy concerns related to the disclosure of personally identifiable information. See 45 C.F.R. § 164.514(b)(2) (requirements for de-identification by redaction). The objection to time is also overruled given that plaintiff provided a definition of "relevant times" that covers the period at issue in the complaint. See ECF No. 106-2 at 10. However, the objection to documentation regarding the gender and age of inmates receiving care is sustained. The request for this information exceeds the scope of the issues before the court because the complaint alleges only discrimination based on race.

Although Kurk responded that she does not have any documents in her possession, custody, or control, it is unclear from the responses whether that is because such documents do not exist or because the documents exist but are outside her possession, custody, or control. Kurk will therefore be required to clarify her response. If such documents, as limited herein, exist but are not in her possession, custody, or control, she shall explain why the documents are not accessible to her and identify the appropriate custodian of records so that plaintiff may subpoena the records if he wishes.

> **Request No. 3:** Documents containing all JAIL policies RELATED TO dental care for inmates at the JAIL during RELEVANT TIMES.
>
> **Response:** Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad as to both time and scope.

15

>Furthermore, Defendant objects to this request to the extent it seeks to invade the right to privacy of Defendant and/or third parties, which is protected under HIPAA, California state law, and Article I, Section I of the California Constitution and/or the U.S. Constitution. Additionally, this request is not reasonably calculated to lead to the discovery of admissible evidence.
>
>Notwithstanding said objections and without waiving them, Defendant responds as follows: Defendant does not have any documents responsive to this request within her possession, custody, or control.

ECF No. 106-2 at 62.

The objections as to time and scope are both overruled, as the timeframe is defined and the request for policies related to inmate dental care is clearly within the scope of the allegations in the complaint. The objections as to privacy concerns are also overruled, as it is unclear how the jail's dental policies would contain any private information. Defendant Kurk will be required to supplement her response to this request to clarify whether no responsive documents exist or whether they exist but are outside her possession, custody, or control. If such documents exist but are not in her possession, custody, or control, she shall explain why the documents are not accessible to her and identify the appropriate custodian of records so that plaintiff may subpoena the records if he wishes.

>**Request No. 6:** Produce a true and complete copy of all grievances YOU received from PLAINTIFF during RELEVANT TIMES RELATED TO dental care.
>
>**Response:** Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad as to both time and scope. The term "grievances" is also undefined, forcing Defendant to speculate as to what is being requested.
>
>Notwithstanding said objections and without waiving them, Defendant responds as follows: Defendant does not have any documents responsive to this request within her possession, custody, or control.
>
>**Request No. 7:** Produce a true and complete copy of all grievances YOU received from any inmate at the JAIL RELATED TO dental care during RELEVANT TIMES.
>
>**Response:** Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad as to both time and scope. The term "grievances" is also undefined, forcing Defendant to speculate as to what is being requested. Furthermore, Defendant objects to this request to the extent it seeks to invade the right to privacy of

>       Defendant and/or third parties, which is protected under Article I,
>       Section I of the California Constitution, and/or the U.S. Constitution.
>       Additionally, this request is not reasonably calculated to lead to the
>       discovery of admissible evidence.
>
>       Notwithstanding said objections and without waiving them,
>       Defendant responds as follows: Defendant does not have any
>       documents responsive to this request within her possession, custody,
>       or control.

ECF No. 106-2 at 63-64.

The court finds Kurk's objections regarding the scope of the requests to be well taken, as the breadth of the requests exceeds the issues presented to the court in this case. However, the objection that the term "grievances" is undefined and would require speculation to respond is overruled. The requests are reasonably understood to encompass grievances submitted against Kurk through the jail's grievance process. For the purpose of providing supplemental responses, the requests will be narrowed to those grievance relating to conduct of the same type at issue in this action. This means grievances submitted between April 2012 and February 2015 and between June and August 2016, that contain allegations that Kurk discriminated against inmates based on their race.

Although Kurk responded that she does not have any documents in her possession, custody, or control, it is unclear from the responses whether that is because such documents do not exist or because the documents exist but are outside her possession, custody, or control. Kurk will therefore be required to clarify her response. If such documents, as limited herein, exist but are not in her possession, custody, or control, she shall explain why the documents are not accessible to her and identify the appropriate custodian of records so that plaintiff may subpoena the records if he wishes.

III.     Motion for Summary Judgment

In his opposition to defendants El Dorado County, Handy, and Garcia's motion for summary judgment, plaintiff argues that the motion is premature in light of his pending motions to compel and requests that the motion be denied or deferred in accordance with Federal Rule of Civil Procedure 56(d). ECF No. 121 at 10-12, 14-16.

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for

specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008) (citation omitted).

Because plaintiff's motions to compel against Handy and Garcia are being granted and these defendants are being ordered to provide supplemental responses that may provide evidence material to adjudicating the motion for summary judgment, a decision on the motion for summary judgment will be deferred pending resolution of the discovery issues. Upon completion of discovery plaintiff shall be permitted to submit a supplemental response to the motion for summary judgment. However, plaintiff's request to re-open discovery as to defendant El Dorado County on the issue of exhaustion will be denied, as plaintiff has not offered any explanation as to why he was unable to pursue such discovery during the time already provided.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to compel (ECF Nos. 104, 105, 106) are GRANTED.

2. Within twenty-one days of the filing of this order defendants Handy, Garcia, and Kurk shall supplement their responses to plaintiff's discovery requests as set forth above.

3. Within forty-five days of the filing of this order, plaintiff may file a motion for sanctions if defendants do not comply with this order.

4. The court will defer consideration of defendants El Dorado County, Handy, and Garcia's motion for summary judgment pending final resolution of discovery and will set a schedule for supplemental briefing once the outstanding discovery issues are resolved.

////

////

////

5. Plaintiff's request to re-open discovery as to defendant El Dorado County on the issue of exhaustion (ECF No. 121 at 16) is DENIED.

DATED: November 20, 2023

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE