UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SPEARS,<br><br>    Plaintiff,<br><br>    v.<br><br>EL DORRADO COUNTY, et al.,<br><br>    Defendants. | No. 2:15-cv-0165 MCE AC P<br><br><br><br>ORDER |

    Plaintiff is a former county and current state prisoner proceeding pro se.  Currently before the court is defendants El Dorado County, Handy, and Garcia's motion for summary judgment. ECF No. 114.  Also before the court are plaintiff's motions for sanctions.  ECF No. 128-130.

    I.    <u>Procedural History</u>

    This action proceeds on the second amended complaint.  ECF No. 33.  On screening, the court found that Claims Four and Eleven stated cognizable claims against El Dorado County, Claim Six stated a cognizable claim against defendant Armstrong, Claim Seven stated a claim for relief against defendants Garcia and Handy, and Claim Nine stated a claim for relief against defendant Kurk.[1]  ECF No. 38.  All other claims and defendants were dismissed.  ECF No. 44.

////

---

[1] Defendant Kurk was identified in the complaint as Doe #2 and was later substituted in.  ECF No. 42.

1

At the close of discovery, plaintiff filed motions to compel against Garcia, Handy, and Kurk. ECF Nos. 104-106. After the close of discovery, El Dorado County, Garcia, and Handy moved for summary judgment (ECF No. 114), which plaintiff has opposed (ECF No. 121). By order filed November 21, 2023, plaintiff's motions to compel were granted, and in granting the motions the court addressed plaintiff's concerns regarding his ability to respond to the motion for summary judgment due to the outstanding discovery issues. ECF No. 125. The court ruled as follows:

> Because plaintiff's motions to compel against Handy and Garcia are being granted and these defendants are being ordered to provide supplemental responses that may provide evidence material to adjudicating the motion for summary judgment, a decision on the motion for summary judgment will be deferred pending resolution of the discovery issues. Upon completion of discovery plaintiff shall be permitted to submit a supplemental response to the motion for summary judgment. However, plaintiff's request to re-open discovery as to defendant El Dorado County on the issue of exhaustion will be denied, as plaintiff has not offered any explanation as to why he was unable to pursue such discovery during the time already provided.

Id. at 18. Plaintiff was given leave to file motions for sanctions if defendants did not comply with the order to provide supplemental responses (id.), which he proceeded to do (ECF Nos. 128-130). Defendants have opposed the motions. ECF Nos. 131, 132.

II. Motions for Sanctions

A. Defendant Kurk

Plaintiff seeks sanctions against defendant Kurk on the ground that she failed to provide any supplemental discovery responses as ordered by the court. ECF No. 128. Defendant opposes the motion and asserts that the failure to timely respond was due to mistake, inadvertence, and excusable neglect and that she served her supplemental responses within a week of being made aware of the November 21, 2023 order. ECF No. 131. Counsel for defendant states that she has been unable to access the PACER website or receive notifications and did not become aware of the order compelling further responses until she received plaintiff's motion by mail. Id. at 1-2. Plaintiff did not file a reply.

////

Although defendant's explanation for why counsel was unaware of the order directing supplemental responses is less than satisfactory,[2] she has now provided supplemental responses as directed. See ECF No. 131-2. The supplemental responses appear to comply with the court's November 21, 2023 order, and plaintiff has not raised any issues with the substance of the responses. The motion for sanctions against defendant Kurk will therefore be denied.

### B. Defendants Garcia and Handy

Plaintiff has filed identical motions for sanctions against defendants Garcia and Handy, alleging that they failed to properly preserve relevant evidence. ECF Nos. 129, 130. He requests that "all of his claims pertaining to the the [sic] timeframe of the missing/destroyed Cell Search Logs be taken as true and undisputable." ECF No. 129 at 5-6; ECF No. 130 at 5-6. Defendants oppose the motion and argue that plaintiff has failed to establish any grounds for spoliation sanctions. ECF No. 132. Plaintiff did not reply.

"Spoliation of evidence is the 'destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation.'" Kearney v. Foley & Lardner, LLP, 590 F.3d 638, 649 (9th Cir. 2009) (quoting Hernandez v. Garcetti, 68 Cal. App. 4th 675, 680 (1998)). "[S]anctions may issue only when a party had some notice that the evidence was potentially relevant. A party does not engage in spoliation when, without notice of the evidence's potential relevance, it destroys the evidence according to its policy or in the normal course of its business." United States v. $40,955.00 in United States Currency, 554 F.3d 752, 758 (9th Cir. 2009) (citations omitted). The party seeking sanctions has "the burden of establishing spoliation by demonstrating that [the other party] destroyed documents and had 'some notice that the documents were potentially relevant to the litigation before they were destroyed.'" Ryan v. Editions Ltd. W., Inc., 786 F.3d 754, 766 (9th Cir. 2015) (quoting United States v. Kitsap Physicians Serv., 314 F.3d 995, 1001 (9th Cir.2002)).

////

---

[2] Counsel provides no details as to why she was unable to access PACER or receive notifications and does not address whether the other attorneys from her firm who are identified as counsel of record were similarly unable to receive notifications.

1          Plaintiff argues that the daily inspection logs were clearly relevant to his claim that he was
2  subjected to more frequent cell searches and that defendants admitted to letting the logs prior to
3  April 2014 be destroyed when they stated they were told by a sergeant that the logs no longer
4  exist.  ECF No. 129 at 3; ECF No. 130 at 3.  He further asserts that the incident log defendants
5  produced "is very misleading and inaccurate" and implies that its contents have been altered
6  because it includes incidents that did not involve plaintiff even though it purports to include only
7  incidents in which plaintiff was involved.  ECF No. 129 at 4-5; ECF No. 130 at 4-5.  Finally,
8  plaintiff accuses defendants of trying to avoid giving a substantive response because they said
9  they were informed that there was no record showing the race of the inmates in a particular cell or
10 pod at a given time even though he received information on race involving other defendants in
11 another case.  ECF No. 129 at 5; ECF No. 130 at 5.  Defendants argue that plaintiff has no
12 evidence to support spoliation sanctions because they do not have control over the records at
13 issue[3] and did not receive notice of this action until 2021.  ECF No. 132 at 3-4.  They further
14 assert that plaintiff's claim that the incident log was altered has no basis other than plaintiff's
15 disagreement with the accuracy of its contents.  Id. at 2 n.1.

16         Assuming for present purposes that defendants were the ones responsible for the
17 destruction of the inspection logs, plaintiff has failed to meet his burden of demonstrating that
18 defendants had notice that the documents were potentially relevant to the pending litigation
19 before their destruction.  Defendants have produced evidence showing that the records plaintiff
20 sought were subject to a four-year retention period (ECF No. 132-1 at 40), and the court did not
21 order service of the complaint until January 2021 (ECF No. 38).  Although plaintiff alleges that
22 he filed a grievance regarding the issue and made a request during sentencing that records
23 regarding his incarceration be held for appeal (ECF No. 129 at 4; ECF No. 130 at 4), there is no
24 evidence that Handy or Garcia were aware of the grievance or the request.  Moreover, the court
25 cannot say that the filing of a grievance, without more, would have been sufficient to put

---

[3] Counsel for Garcia and Handy states that they do not have legal control over the documents they produced with their supplemental responses.  ECF No. 132 at 2 n.2.  Rather, because he also represents El Dorado County, he made an inquiry to the County about responsive documents and the County voluntarily provided them.  Id.

defendants on notice of pending or future litigation since the filing of a grievance does not necessarily lead to the filing of a lawsuit. Similarly, plaintiff's request to hold his records pending his criminal appeal would not have put defendants on notice that the instant lawsuit was pending or soon to be filed. Finally, based on review of the logs that were produced, the court cannot find that plaintiff has suffered any prejudice as a result of the failure to preserve the older logs. As defendants point out, the logs merely show that cell searches were done on a daily basis and do not identify individual cells or inmates that were searched. See ECF No. 132-1 at 5-30. Rather, they indicate only which level or pod in which the cell inspections were conducted. Id.

With respect to plaintiff's allegation that incident logs have been altered, he presents no evidence to support this claim, instead relying on speculation that they were altered because the contents do not align with his version of events. Plaintiff's claim that defendants are lying about having evidence of inmates' race is similarly unsupported. Though plaintiff claims he received records indicating the race of inmates in the jail in another case, he does not provide those records or any context such that the court can find those records would also be responsive to the requests at issue in this case.

For the reasons set forth above, plaintiff has not met his burden of showing spoliation and the motion will be denied.

III.   Motion for Summary Judgment

Because Garcia and Handy produced additional documents as part of their supplemental responses, plaintiff will be given an opportunity to file a supplemental response to their motion for summary judgment. The supplemental response will be limited to arguments based on the supplemental discovery responses, and given the limited scope of the supplemental responses and the additional materials provided, any extensions of time are unlikely to be granted absent a showing of extraordinary circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for sanctions (ECF Nos. 128-130) are DENIED; and

////

////

5

2. Within twenty-one days from the service of this order, plaintiff may file a supplemental response to defendants' motion for summary judgment as set forth above. Defendants may file a reply within fourteen days.

DATED: May 23, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE